IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| REYNALDO RODRIGUEZ,<br>PETITIONER | |
| V. | CASE NO.: 1:06-cv-450 |
| UNITED STATES OF AMERICA,<br>RESPONDENT | |

MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT A SENTENCE PURSUANT TO 28 U.S.C. §2255

Comes Now, Reynaldo Rodriguez("Petitioner"), respectfully requesting this Court to correct his sentence pursuant to 28 U.S.C. §2255 because of the following reason:

1. Denial of effective assistance of counsel

PROCEDURAL BACKGROUND

On June 15, 2005, the petitioner was sentenced to a term of imprisonment of eighty-four months for violation of 21 U.S.C. §841(a)(1)and(b)(1)(b) and section §846. The petitioner plead guilty, but at the sentencing hearing, the Judge, the Honorable Mary M. Lisi stated that the petitioner had a right to appeal his sentence.

The petitioner is making his claim of ineffective assistance of counsel because at the petitioner's sentencing, his counsel failed to raise the issue of the disparity of the drug type, the reasonableness factors in the Guidelines post-Booker

and the overstatement of the petitioner's criminal history, which the petitioner urged his counsel to raise. Counsel never raised these issues and therefore his standard fell below the performance of effectiveness.

## ARGUMENT

The petitioner's counsel ignored the petitioner's request to raise the issues of disparity, reasonableness and the overstatement of his criminal history. The Sixth Amendment obligates a defense attorney to file an appeal or motion even if the attorney believes that an appeal or motion would not be meritorious. See United States v. Cronic, 466 U.S. 648, 659, 80 L. Ed. 2d 657, 104 S. Ct. 2039 (1984), the opinion noted that a complete deprivation of counsel can occur even if the attorney is physically present. For example, whenever counsel fails to subject the prosecutors case to meaningful adversarial testing, the process becomes presumptively unreliable. Id. Not requiring the defendant to make a showing of prejudice when the defendant is completely deprived of counsel is a "limited; but improtant exception" to the standard outlined in Strickland. The Supreme Court elaborated on this reasoning in 2000; Roe v. Flores-Ortega, 528 U.S. 470 ,484 145 L.Ed. 985, 120 S. Ct. 1029 (2000). The counsel in Roe, who failed to file a notice of appeal, did more than deprive his client of a fair judicial proceeding; he actually deprived his client of a judicial proceeding altogether. Id at 483. The Court explained that a defendant does not have to prove prejudice when his attorney says he will appeal but then does not; all the defendant has to show is that "but for the counsel's deficient condu-

ct he would have appealed". Id. at 486. In Roe, the prejudice showing required by Strickland is presumed because counsel's performance rendered the proceeding requested by the defendant nonexistent. Id. at 484.

The petitioner relies primarily on the reasoning contained in these three decisions: United States v. Thomas, 360 f. Supp. 2d 238(D. Mass. 2005); United States v. Hubbard, 369 f. Supp. 2d 146(D. Mass. 2005); United States v. Person, 377 f. Supp. 2d 308(D. Mass. 2005). These three decisions seek to test the strength of the First Circuit's prior holdings regarding the meaning of the term cocaine base contained in §841(b), as well as the level of proof required to prove that cocaine base is in fact crack. This is the disparity issue that the petitioner 's counsel failed to agrue at the time of sentencing.

The central pillars of the 1986 Act are it's schedule of mandatory minimum sentences for weight-based possession with intent to distribute, and the upward ratchet for recidivist offenders. Mandatory minimum's under the statue begin at 5 and 10 years, respectively, depending on drug quantity, double for a second offense and in certain cases, mandate life imprisonment for a third. See 28 U.S.C. §841(b)(1)(A)-(B). The quantity-based penalty scheme under the statue employs a 100:1 ratio for cocaine base to powder cocaine, which means that the amount of powder cocaine necessary to trigger the statutory minimum is 100 times the amount of cocaine base necessary to trigger the same minimum sentence. Thus, it takes 500 grams more of powder cocaine to trigger a 5-year mandatory minimum penalty whereas inly 5 grams of cocaine base triggers the 5-year minimum. This is the importance

of why the petitioner's counsel should have raised these issues at the petitioner's sentencing.

In the three initially above mentioned cases, Judge Posner relies upon the fact that in 1993 the Sentencing Commisssion amended the Guidelines to specifically limit the definition of cocaine base to crack for Guidelines purposes, and Congress approved of that amendment pursuant to 28 U.S.C. §994(p). While the First Circuit reaffirmed the pre-amendment decision of United States v. Lopez-Gil, 965 F. 2d 1124 (1st cir. 1992). In 2000 when it decided Richardson, Judge Posner suggest that the Circuit Court did so without recognizing or discussing either the 1993 amendment or the emerging Circuit conflict over the question. Judge Posner predicts that when squarely confronted with the question, the First Circuit will agree with the Eleventh Circuit and conclude that there is no reason "to assume that Congress meant for cocaine-base to have more than one definition and that it's construction of the term in the Guidelines was intended to limit the reach of the statue as well". Thomas at 242(quoting United States v. Munoz-Realpe, 21 f. 3d 375, 378 (11th cir. 1994). This is why it was necessary for the petitioner's counsel to argue that the Government("Respondent") include "crack" in it's indictment and not merely enhance him under the Guidelines.

"The likelihood that the defendant will commit other crimes". In §4A1.3, the Sentencing Commission recognizes the limitations of a numerical criminal history scoring system and allows departures where "reliable information indicates that the criminal history category does not adequately reflect...the likelihood that the defendant will commit other crimes". See United

States v. Woodley, 344 f. Supp. 2d 274, 276-77(D. Mass. 2004). Section 4A1.3 departures are "encouraged departures" under Koon v. United States, 518 U.S. 81, 135 L. Ed. 2d 342, 116 S. Ct. 2035 (1996); United States v. Wilkerson, 183 f. Supp. 2d 373, 380 (D. Mass. 2002). Criminal history departures permit the Court "to put the defendant's record in the context of his life and background". Wilkerson, 183 f. Supp. 2d at 380. Here, with the case at bar, the petitioner requested that counsel file a motion(4A1.3), reflecting the fact that the petitioner only has driving infractions and that his criminal history score does not adequately reflect his true criminal history of "life and background" and thus a departure was warranted. But once again, his counsel failed to file the necessary departure request, nor did he(counsel) argue the reasonableness of the sentencing guidelines post-Booker or otherwise argue that the Guidelines should not control the petitioner's case because of his criminal history score, family history and the 3553 factors that can now be raised post-Booker. The petitioner's allegations clearly indicate the nature of the defense attorney's prejudicial conduct. See United States v. Bosch, 584 f. 2d 1113, 1121 (1st. Cir. 1978).

## CONCLUSION

For the reasons stated above, the petitioner humbly request that this Court grant his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255.

Respectfully submitted,

Reynaldo Rodriguez,pro se

Date:November 14, 2006

Reynaldo Rodriguez
Reg. No. 05522-070
USP Canaan
PO Box 300
Waymart,PA 18472