IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| REYNALDO RODRIGUEZ | ) | |
| | ) | |
| vs. | ) | C.A. No. 1:06 -cv- 450 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255**

Comes now the United States of America, by and through its attorneys Robert Clark Corrente, United States Attorney, and Mary E. Rogers, Assistant United States Attorney, and objects to defendant's Motion to Vacate, Set Aside Or Correct Sentence Pursuant to 28 U.S.C. § 2255, for reasons stated in the accompanying Memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT C. CORRENTE
United States Attorney

/s/ MARY E. ROGERS
MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

CERTIFICATION OF SERVICE

On this 20th day of December, 2006, I caused the Government's Objection to Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, along with its accompanying Memorandum, to be filed electronically and it is available for viewing and downloading from the ECF system.

Notification by first class mail, postage prepaid:

Reynaldo Rodriguez, pro se
Reg. No. 05522-070
USP Canaan
PO Box 300
Waymart, PA 18472

/s/ MARY E. ROGERS
MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| REYNALDO RODRIGUEZ | ) | |
| | ) | |
| vs. | ) | C.A. No. 1:06 -cv- 450 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM IN SUPPORT OF**
**GOVERNMENT'S OBJECTION TO DEFENDANT'S**
**MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**
**PURSUANT TO 28 U.S.C. § 2255**

I. INTRODUCTION

The Petitioner, Reynaldo Rodriguez ("Rodriguez"), filed this motion pursuant to 28 U.S.C. § 2255 on or about November 14, 2006. In his motion, Rodriguez asserts three grounds upon which he claims that he was prejudiced by ineffective assistance of counsel, yet he only provides arguments for the first and third claims.

1. That his counsel was ineffective because counsel, at the time of Petitioner's sentencing, failed to raise the issue of the disparity of the drug type;

2. The reasonableness factors in the Guidelines post-Booker;

3. The overstatement of the Petitioner's criminal history, which the Petitioner claims that he urged his counsel to raise.

II. TRAVEL AND FACTS

**A. Travel**

On October 21, 2004, an arrest warrant was issued by Magistrate Judge Lincoln D. Almond, for the Petitioner, Reynaldo Rodriguez. Rodriguez was subsequently arrested and then indicted on November 3, 2004, on one count of conspiracy to distribute 5 grams or more of

cocaine base, in violation of 21 U.S.C. §§ 846, 841(a0(10 and (b)(1)(B). On February 24, 2005, Rodriguez pled guilty to the charge and on June 15, 2005, the Defendant was sentenced to 84 months to serve, the low end as calculated under the United States Sentencing Guidelines ("Guidelines"). Rodriguez filed an appeal to his conviction, but on March 29, 2006, his counsel requests a voluntary dismissal fo the Appeal pursuant to Fed. R. App. P. 42(b) based upon the grounds that, "after extensive research on all possible appellate issues that could be raised, [counsel] has determined that he has no legitimate or non-frivolous basis to appeal his plea and sentence after the Supreme Court's decision in *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005) and this Court's decision in *United States v. Pho*, 433 F.3d 53 (1st Cir. 2006) and *United States v. Jimenez-Beltre*, ___ F.3d , 2006, U.S. App. LEXIS 6580 (1st Cir. 2006). This motion was granted by the First Circuit Court of Appeals on April 13, 2006. The Petitioner Rodriguez filed the instant motion to vacate sentence pursuant to 28 U.S.C. §2255 on November 14, 2006.

**B. <u>Facts</u>**

Beginning in July of 2004, the Drug Enforcement Administration commenced a court-authorized wiretap investigation of the Latin Kings. Court-authorized interceptions were conducted on Joel Francisco's telephone, William Cifredo's telephone and David Batista's telephone [(401) 265-5098].

Initial information obtained from confidential informants suggested that the Latin Kings were dealing in drugs, including marijuana, cocaine powder and crack, in the Providence area.

On September 17, 2004, Reynaldo Rodriguez telephoned Joel Francisco. The conversation was intercepted by the government pursuant to a court order. Rodriguez told

Francisco that Rodriguez wanted 14 shirts, plus 31 shirts. Reynaldo told Francisco that Reynaldo's customer needed to put together all the money and that Reynaldo only had part of it then.

Reynaldo then called Francisco back and told Francisco that Reynaldo's customers still wanted the 31 shirts and that Reynaldo would be leaving at 8 p.m. to pick – to meet with Francisco. Reynaldo also told Francisco that Reynaldo would call Francisco when Reynaldo was almost there at the Shell gas Station.

Police surveillance watched Francisco and Reynaldo pull into a Shell Gas Station in separate vehicles, and both men were talking on their cellular telephone. Francisco was intercepted telling Reynaldo to follow Francisco, and Francisco also made a comment about a police officer who was right behind Reynaldo. At the time, police surveillance was following Reynaldo.

Law enforcement interpret this conversation as a coded drug conversation in which Rodriguez asked Francisco to provide 31 grams of crack cocaine or cocaine base to Rodriguez and that Rodriguez intended to sell the crack to a customer.

The coded term "31 shirts" comes from the fact that an ounce is a little over 28 grams and with the drug packaging, the gross weight is approximately 31 grams.

Rodriguez and Francisco conspired to distribute approximately 31 grams of crack cocaine or cocaine base on September 17th, 2004. (Change of Plea transcript pp 21 - 22).

## III. THE LAW GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Section 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion under 28 U.S.C. § 2255 is a substitute for habeas corpus. Relief is available under this section only if the same relief is available under the writ. Hill v. United States, 368 U.S. 424, 427 (1962). The grounds justifying relief under § 2255 are limited. Section 2255 does not grant to a defendant the right to retry cases in which he has been adjudged guilty. Taylor v. United States, 177 F.2d 194, 195 (4th Cir. 1949).

In United States v. Addonizio, 442 U.S. 178, 184-85 (1979), the Supreme Court stated:

> It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment . . . [U]nless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained far more limited . . . The Court has held that an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'. . . Similar limitations apply with respect to claimed errors of fact.

See also, Davis v. United States, 417 U.S. 333, 346 (1974).

A collateral attack may not do service for an appeal. United States v. Frady, 456 U.S. 152, 165 (1982); Dirring v. United States, 370 F.2d 862, 865 (1st Cir. 1967). To obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on a direct appeal. A defendant cannot raise in a federal habeas proceeding issues which he failed to raise on direct

appeal absent a showing of cause for the failure and a showing of prejudice. Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).

## IV. THE LAW APPLICABLE TO AN INEFFECTIVE ASSISTANCE CLAIM

In considering the issue of effective representation, the District Court must first identify the acts or omissions of counsel. The Court should then determine whether these acts or omissions were outside the wide range of professionally competent assistance and, if so, whether the error affected the judgment. Strickland v. Washington, 466 U.S. 668 (1984). Counsel's representation must fall below an objective standard of reasonableness, and the defendant must show prejudice. Ouellette v. United States, 862 F.2d at 376; see also, United States v. McGill, 11 F.3d 223 (1st Cir. 1993). There must be a reasonable probability that but for the attorney's unprofessional errors the result would be different. Scarpa v. Dubois, 38 F.3d 1, (1st Cir. 1994). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Singleton v. United States, 26 F.3d 233 (1st Cir. 1994); United States v. Moreno Morales, 815 F.2d 725, 751 (1st Cir.), cert. denied, 484 U.S. 966 (1987). The effective assistance of counsel standard does not require the "useless charade" of presenting a meritless defense. United States v. Cronic, 466 U.S. 648, 656 n.19 (1984). Counsel need not jump through every conceivable hoop, or engage in futile exercises. Singleton, 26 F.3d at 239. The defendant is entitled to an effective defense, not a perfect one nor a successful one. Scarpa v. Dubois, 38 F.3d at 8. The attorney's judgment need not be right so long as it is reasonable. McGill, 11 F.3d at 227. A reviewing court should not use the benefit of hindsight to second-guess tactical decisions made by an attorney unless the decisions are unreasonable. Perron v. Perrin, 742 F.2d 669, 673 (1st Cir. 1984).

## V. ARGUMENT

### A. The Merits Of The Claims

A consideration of the merits of Rodriguez's claims does not call for relief.

#### 1. Counsel was not ineffective because counsel, at the time of Petitioner's sentencing, failed to raise the issue of the disparity of the drug type, as the First Circuit has held that the disparity is not a grounds for departing from the Guidelines.

The First Circuit Court of Appeals has held that a federal district court may not impose a sentence outside the advisory guidelines sentencing range based on a rejection of the guidelines' disparate treatment of offenses involving crack cocaine and powdered cocaine. United States v. Pho, 433 F.3d 53, 54 (1st Cir. 2006). If Rodriguez's counsel had argued for a departure, and the District Court had granted it on these grounds, the First Circuit would have reversed that decision. Thus, no error occurred and the Petitioner has failed to show prejudice.

Petitioner's claim, that "a defendant does not have to prove prejudice when his attorney says he will appeal but then does not" is not accurate. Petitioner cites United States v. Cronic, 104 S.Ct. 2039 (1984) in claiming that a defense attorney must file an appeal even if the attorney believes that an appeal is not meritorious. Cronic does not even remotely support this proposition, nor does any case law.

#### 2. The Petitioner has not set forth what he means by his claim of the reasonableness factors under the guidelines post-Booker and thus this claim is waived.

The government cannot address this argument as the Petitioner did not articulate what his claim is.

3. The Petitioner's criminal history was not overstated, and thus no error occurred.

Rodriguez claims that his criminal history was overstated because he had what he terms driving infractions. The sentencing guidelines take into consideration the type of charge and conviction and whether and what type of sentence was imposed. Thus, the Petitioner's criminal history, based upon driving infactions, was properly calculated and not overstated. Rodriguez has shown no prejudice.

## IV. CONCLUSION

Rodriguez has failed to show that his counsel's performance was unreasonable. Likewise, Rodriguez has not shown any error. The downward departure for disparity could not have been granted, and his criminal history was correctly computed under the Guidelines. Therefore, the United States requests that the petition be denied and dismissed.

Respectfully submitted,

THE UNITED STATES OF AMERICA
By its Attorneys

ROBERT C. CORRENTE
United States Attorney

/s/ MARY E. ROGERS
MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

CERTIFICATION OF SERVICE

On this 20th day of December, 2006, I caused the Government's Objection to Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, along with its accompanying Memorandum, to be filed electronically and it is available for viewing and downloading from the ECF system.

Notification by first class mail, postage prepaid:

Reynaldo Rodriguez, pro se
Reg. No. 05522-070
USP Canaan
PO Box 300
Waymart, PA 18472

/s/ MARY E. ROGERS
MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov