IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

REYNALDO RODRIGUEZ,
PETITIONER

V. CASE NO.: 1:06-cv-450 ML

UNITED STATES OF AMERICA,
RESPONDENT

MOTION IN OPPOSITION OF THE GOVERNMENT'S OBJECTION TO THE PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

Comes Now, Reynaldo Rodriguez("Petitioner"), humbly opposing the Government's("Respondent") objection to the petitioner's motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255.

**ARGUMENT**

The respondent claims that the merits of the petitioner's claim of ineffective assistance of counsel does not call for relief, but only raise the issue of the drug disparity. Under the Antiterrorism and Effective Death Penalty Act of 1996(AEDPA), a claim of ineffective assistance of counsel is valid only if the petitioner can make a substantial showing of a denial of a Constitutional Right. The petitioner's counsel was not effective for numerous reasons. The petitioner cites United States v. Cronic, 104 S. Ct. 2039(1984), but the respondent would have you believe that the petitioner claimed that "a defense attorney must file an

appeal even if the attorney believes that an appeal is not meritorious". But the petitioner did not cite this proposition in Cronic, rather the petitioner relies on Roe v. Flores-Ortega, 528 U.S. 470, 484 145 L. Ed. 985, 120 S.Ct. 1029 (2000). The denial of the petitioner's Constitutional right to effective assistance of counsel are obvious because of the petitioner's counsel failure to subject the prosecutors case to a meaningful adversarial testing. This is proven by the counsel's defunct performance in the sentencing proceedings. Sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated an reimposed to permit facts in mitigation of punishment to be fully and freely developed. United States v. Laquinta, 719 f.2d 83, 85-86 n.5 (4th cir. 1983). So by the petitioner's counsel failing to rasie the issues of drug disparity, the reasonableness factors outlined in post-Booker, which the respondent claims that the petitioner did not articulate, but the petit- will reiterate, which is the fact that counsel did not argue the fact that the Sentencing Guideline should not control the petitioner's case because of his criminal history score, family history and the 3553 factors that can now be raised post-Booker. These are the revelant issues that counsel should have raised at sentencing because it determines the final sentence imposed. The petitioner has only been convicted of driving infractions and therefore could have been eligible for a downward departure because of the fact that his criminal history score did not truly reflect his background, which are now factors that can be considered in

the post-Booker era. This is a violation of the Due Process Clause of the Fifth Amendment with it's requirement of proof beyond a reasonable doubt because it is equally applicable to issues in sentencing when the underlying sentancing determination is dependent of evidence which could increase the sentence range. Jones v United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L. Ed. 2d 311 (1999). The Court stated that Due Process and associated jury protections extend, to some degree, "to determinations that[go] not to a defendant's guilt or innoncence, but simply to the length of his sentence". (quoting United States v. Almendarez-Torres , 523 U.S. 224, 251, 118 S.Ct. 1219, 140 L. Ed. 2d 350 (1998). The Court then explained which facts are entitled to the Due Process protections. Justice Stevens, writing for the Apprendi majority, quoted from his concurring opinion in Jones, where he wrote, "[i]t is unconstitutional for a legislature to remove from jury the assessment of facts that increase the prescribed range of penalities to which a criminal defendant is exposed. It is equally claer that such facts must be established by proof beyond a reasonable doubt". (quoting Jones, 526 U.S. at 252-53( Stevens,J., concurring)).

Therefore, with the case at bar, it is equally importtant that the petitioner be afforded the Constitutional right to effective assistance of counsel at all phases of his criminal proceedings. This includes sentencing, which, as stated, is a critical stage of trial. The petitioner's counsel standards were far below the standard of effective, because of the fact that that he failed to present facts that were raise the petitioner's sentencing range.

**CONCLUSION**

For the reason set forth above and as well as on the previous Memorandum of Law, the petitioner's humbly prays that this Honorable Court proceed with the legal findings and decide in the favor of the petitioner.

Respectfully submitted,

Reynaldo Rodriguez, Pro-Se

Date: January 4, 2007

Reynaldo Rodriguez
Reg. No. 05522-070
USP Canaan
PO Box 300
Waymart,PA 18472

**CERTIFICATE OF SERVICE**

I, Reynaldo Rodriguez, hereby certify, that I have sent a true copy of the forgoing motion in opposition to the Government's objection to my motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255, by United States mail to the address below:

United States Attorney Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Respectfully Submitted,

Date: Januray 4, 2007

Reynaldo Rodriguez, Pro-Se