**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

REYNALDO RODRIGUEZ

v. C.A. No. 06 - 450 ML

UNITED STATES OF AMERICA

**Memorandum and Order**

Mary M. Lisi, Chief United States District Judge

Reynaldo Rodriguez, *pro se*, filed a motion to vacate, set aside and/or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons hereinafter stated, Rodriguez's motion is denied.

**<u>Background</u>**

A federal grand jury sitting in the District of Rhode Island indicted Reynaldo Rodriguez of one count of conspiracy to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841 (a)(1) and (b)(1)(B). Rodriguez pled guilty to the charge and was sentenced on June 15, 2005 to 84 months imprisonment.

Rodriguez filed an appeal. However, on March 29, 2006, his appellate counsel requested a voluntary dismissal pursuant to Fed. R. App. P. 42(b) based on the ground that there were no non-frivolous grounds to appeal his plea and sentence. The Court of Appeals granted the motion.

**<u>§ 2255 Motion</u>**

Rodriguez thereafter filed the instant motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, and / or correct his sentence. In his § 2255 motion, Rodriguez claims that his trial counsel

was ineffective because, at sentencing, counsel failed to:

> (1) raise as a claim the disparate treatment of "crack" versus "powder" cocaine in the U.S. Sentencing Guidelines;
>
> (2) object to his criminal history calculation;
>
> (3) file a motion for a downward departure pursuant to U.S.S.G. § 4A1.3; and
>
> (4) argue the unreasonableness of his sentence under United States v. Booker, 543 U.S. 220 (2005).

Additionally, Rodriguez asserts, independent of his ineffective assistance of counsel claims, that: (1) the sentencing guidelines wrongly create a disparate treatment of "crack" versus "powder" cocaine, (2) his criminal history was overstated, and (3) his sentence is unreasonable under Booker, 543 U.S. 220. The Government has objected to Rodriguez's motion.

**Analysis**

**A. Section 2255**

Title 28, United States Code Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 ¶ 1.

Generally, the grounds justifying relief under 28 U.S.C. § 2255 are limited. A court may grant such relief only if it finds a lack of jurisdiction, constitutional error or a fundamental error of law. United States v. Addonizio, 442 U.S. 178, 184-185 (1979). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which

inherently results in a complete miscarriage of justice." Id. at 184-185 (internal quotation omitted).

Moreover, a motion under § 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982). A movant is procedurally precluded from obtaining § 2255 review of claims not raised on direct appeal absent a showing of both "cause" and "prejudice" or alternatively that he is "actually innocent" of the offense of which he was convicted. Bousley v. United States, 523 U.S. 614, 622 (1998). Claims of ineffective assistance of counsel, however, are not subject to this procedural hurdle. Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).

**B. Ineffective Assistance of Counsel Claims**

Here, Rodriguez claims that counsel was ineffective during his sentencing hearing. Under Strickland v. Washington, 466 U.S. 668 (1984), a defendant who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness and (2) a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-88, 694; see also Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002). The defendant bears the burden of identifying the specific acts or omissions constituting the allegedly deficient performance. Conclusory allegations or factual assertions that are fanciful, unsupported, or contradicted by the record will not suffice. Dure v. United States, 127 F. Supp.2d 276, 279 (D.R.I. 2001).

When assessing the adequacy of counsel's performance, the Court looks to prevailing professional norms. See Ramirez v. United States, 17 F. Supp.2d 63, 66 (D.R.I. 1998). A flawless performance is not required. All that is required is a level of performance that falls within generally accepted boundaries of competence and provides reasonable assistance under the circumstances. Id.

Moreover, in determining whether counsel was deficient "the court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and the defendant must overcome that presumption. Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994) (quoting Strickland, 466 U.S. at 689).

When an allegation of ineffective assistance is based on counsel's purported failure to pursue a particular claim or defense, it is incumbent on the defendant to establish that the claim or defense has merit because counsel cannot be branded deficient for failing to pursue a claim or defense that lacks merit. Ouimette v. United States, C.A. No. 99-489-T, slip op. at 6 (D.R.I. June 21, 2001). Nor can counsel be branded ineffective by failing to raise every non-frivolous claim that could be made. Smith v. Robbins, 528 U.S. 259, 288 (2000) (citing Jones v. Barnes, 463 U.S. 745, 750-54 (1983)). Simply compiling a list of things counsel failed to do does not establish that counsel was deficient. Indeed, effective assistance does not require counsel to engage in meaningless acts even if demanded by the client. The defendant must provide some basis for concluding that a proposed course of action was well founded and could have altered the result. Hurley v. United States, C.A. No. 97-261T, 1999 WL 33649128 at * 2 (D.R.I. Sept. 20, 1999).

Rodriguez first claims that counsel was deficient because counsel failed to challenge the sentencing guidelines' disparate treatment of crack cocaine versus powder cocaine. See United States v. Pho, 433 F.3d 53, 54-57 (1st Cir. 2006) (describing "the history of the disparate treatment of crack and powdered cocaine embedded in the federal sentencing guidelines (commonly referred to as the 100:1 ratio)"). This legal claim, however, is foreclosed in this circuit by Pho, 433 F.3d at 64-65 (holding that the district court may not impose a sentence outside of the advisory sentencing guidelines based upon the disparate treatment of offenses involving crack cocaine and powder

cocaine). Since this legal claim was ultimately rejected by the Court of Appeals, counsel's failure to advance such a claim cannot be considered deficient conduct.

Next, Rodriguez claims that counsel was deficient in failing to object to his criminal history calculation and in failing to file a motion for a downward departure pursuant to U.S.S.G. § 4A1.3(b)(permitting a downward departure for an overstated criminal history). Rodriguez asserts that his criminal history was overstated, claiming that he has only been convicted of "driving infractions." See Motion in Opposition to the Government's Objection, Dckt # 12, p. 2. This claim is without merit. The sentencing guidelines assess criminal history points for "each prior sentence," see U.S.S.G. § 4A1.1; see e.g. United States v. Fraser, 388 F.3d 371, 374 (1st Cir. 2004), and there is no indication here that Rodriguez's criminal history points were improperly assessed, other than Rodriguez's own conclusory allegations. Counsel's conduct was therefore not deficient in failing to object to the criminal history calculation since counsel need not make baseless arguments, nor was counsel deficient in not filing a motion for a downward departure since counsel is not required to file frivolous motions, even if demanded by a client.

Finally, Rodriguez asserts that counsel's conduct was deficient because counsel failed to argue the unreasonableness of his sentence under United States v. Booker, 543 U.S. 220 (2005). Rodriguez does not explain or articulate the basis of this claim, and, consequently, the Court is unclear of its precise nature. The Court notes that Rodriguez's sentencing occurred after the Supreme Court decided Booker. Thus, there is no Booker error since Rodriguez was sentenced under the "advisory" sentencing guidelines. To the extent that Rodriguez may be asserting any other claim, it is summarily rejected since it is not coherently articulated.

**C. Remaining Claims**

Lastly, Rodriguez casts the grounds raised in his ineffective assistance of counsel claims as independent grounds for relief. Rodriguez asserts: (1) the sentencing guidelines wrongly create a disparate treatment of "crack" versus "powder" cocaine, (2) his criminal history was overstated, and (3) his sentence is unreasonable under Booker, 543 U.S. 220. These claims are summarily rejected for the reasons previously stated.

## Conclusion

For the reasons stated above, Rodriguez's motion to vacate, set aside and/or correct his sentence is denied.

IT IS SO ORDERED.

Mary M. Lisi
Chief United States District Judge
June 20, 2007